REQUESTED BY: Senator John W. DeCamp Member of the Legislature State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
This is in reply to your inquiry concerning enforcement of mandatory license suspension. You state this information is necessary as an aid in drafting other mandatory-type legislation.
You specifically ask what is necessary to insure enforcement of a mandatory suspension law or under what theory a judge might be allowed not to enforce that portion of a law. You refer specifically to LB 76, Eighty-Seventh Legislature, which is now contained in Neb.Rev.Stat. § 28-905
(Supp. 1981).
The most obvious area which comes to mind in which a court might avoid entering a mandatory suspension of two years, as required in the foregoing section, is probation. Nothing is said in Neb.Rev.Stat. § 28-905 which would eliminate this possibility.
On the other hand, Neb.Rev.Stat. § 29-2219 (Reissue 1979) provides in part: `(1) A municipal court may suspendsentence, place a defendant on probation and determine the conditions and period of probation, which period shall not exceed, in the case of any defendant convicted of an offense less than a felony, two years.' (Emphasis added.)
Neb.Rev.Stat. § 29-2260 (Reissue 1979) which applies to a county court, district court or juvenile court, except a separate juvenile court, provides in part as follows:
 (2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:
. . .
 (4) When an offender who has been convicted of a crime is not sentenced to imprisonment, the court may sentence him to probation.
There may be other sections also dealing with suspension of sentence and probation.
Another factor which may inhibit enforcement is the fact that when a court enters a sentence favorable to the defendant he, as a practical matter, will not complain; conversely, the county attorney under present procedures, has no effective appeal although we understand there is pending before the Legislature a proposal which would make it possible for the county attorney to appeal unsatisfactory criminal sentences, but we have not studied this proposal to determine its applicability.
Hoping this will be of assistance to you, we are,
Very truly yours,
PAUL L. DOUGLAS Attorney General
Mel Kammerlohr Assistant Attorney General